# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

KABIL ANTON DJENASEVIC,

                Petitioner,

v.                                    CIVIL ACTION NO.   5:14-cv-04361

JACK FOX, Warden,
FCC LOMPOC

                Respondent.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 2), the Petitioner's *Affidavit* (Document 3), and the *Memorandum in Support of Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C.A. § 2241* (Document 4).

By *Standing Order* (Document 7) filed on February 25, 2014, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   On March 12, 2015, the Magistrate Judge submitted his *Proposed Findings and Recommendation* (PF&R) (Document 24) wherein it is recommended that this Court deny the petition and dismiss this matter, or, alternatively, construe the petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and transfer this matter to the United States District Court for the Middle District of Florida, Tampa Division.   The Petitioner timely submitted three documents objecting to the Magistrate Judge's PF&R: the *Defendants Objection to the Governments Case as False in Violation of the United States Constitution, Laws and Treaty* (Document 28), the *Petitioner's Objection to the Magistrate's Proposed Findings and Recommendations* (Document

29), and a hand-written letter and exhibits (Document 30).   For the reasons stated herein, the Court finds that the Petitioner's objections should be overruled and his petition dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R sets forth the factual and procedural history in detail.   The Court hereby incorporates those factual and procedural findings, but includes the following summary to provide context for the ruling contained herein.

The Petitioner's criminal case and post-conviction proceedings have a somewhat convoluted history.   He was indicted by a grand jury in the United States District Court for the Middle District of Florida on October 23, 2002.   He withdrew an early guilty plea, but again pled guilty on August 1, 2005, the day his trial was scheduled to begin.   He was sentenced on March 6, 2006.   The Eleventh Circuit Court of Appeals affirmed his conviction and sentence.   However, on April 29, 2011, the Eleventh Circuit reversed the District Court's denial of a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.   It remanded the case to the District Court, finding that the trial court had impermissibly interfered with the plea-bargaining process.   The Petitioner ultimately withdrew his guilty plea and was convicted following a trial.

On May 30, 2012, he was sentenced to 292 months in prison on Counts One and Four, 240 months in prison on Counts Two and Three, and 120 months in prison on Count Five, all to run concurrently, with a period of supervised release to follow.   The Eleventh Circuit affirmed, and the mandate issued on January 2, 2014.   He filed various motions challenging the factual basis of his conviction (not including a motion pursuant to 28 U.S.C. § 2255) in the United States District Court for the Middle District of Florida, which were denied.

The Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on January 24, 2014. He asserts that false information was used at every stage of the proceedings, resulting in an unjust

extradition, conviction, and sentence.   He further alleges that inaccuracies in the Presentence

Investigation Report (PSR) have led to his misclassification by the Bureau of Prisons (BOP).   The

United States moved to dismiss, arguing that the Petitioner did not assert any claims that were

cognizable in a § 2241 petition.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).

However, the Court is not required to review, under a de novo or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this

Court need not conduct a de novo review when a party "makes general and conclusory objections

that do not direct the Court to a specific error in the magistrate's proposed findings and

recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   When reviewing

portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and

his pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

*Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or

pleading.   *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521

F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P.

8(d)(1).   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Iqbal,* 556 U.S. at 679.   Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'"

4

*Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570).   A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."   *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Magistrate Judge found that the bulk of the Petitioner's claims challenged his sentence or conviction.   He explained that those claims could not normally be brought in a § 2241 petition, and recommended that the Court either dismiss the petition or, with the Petitioner's consent, convert it to a § 2255 petition and transfer it to the sentencing court.   The Petitioner also "asserted that inaccurate information in his PSR…is affecting his classification and other aspects of his confinement."   (PF&R at 6.)   The Magistrate Judge summarized the Respondent's argument that such a claim would fall under the Privacy Act, 5 U.S.C. § 552a, from which BOP Central Files (including inmates' PSRs) are exempt.   The Magistrate Judge further found that, because the only relief sought by the Petitioner is to have his conviction vacated, the entirety of his claims must be heard in the court of conviction.

The Petitioner objects to any transfer of his petition, stating that "[t]he court in Tampa is well aware of the falsity, from the on-set, and [is] part of the problem in this case, and not the solution."   (Obj. at 1, Document 29.)   In a letter providing documents that were previously filed with the federal district and appellate courts in Florida, he briefly states that § 2255 is inadequate

and ineffective to test the legality of his detention.[1]   (Letter Obj. at 1, Document 30.)   His objections largely repeat his initial allegations that his attorneys were ineffective and that the evidence presented against him was untrue and/or derived from unlawful searches and interrogations.   Finally, he asserts that he "has a liberty interest to have [an] accurate P.S.[R.] and Prison records."   (Obj. at 16, Document 29.)

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code.   A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief.   A Section 2241 petition attacks the manner in which a sentence is executed, *see* 28 U.S.C. § 2241(a), while a Section 2255 motion challenges the validity of a conviction or sentence.   *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).   Therefore, "[t]hose convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."   *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (internal citations omitted.)

To the extent the Petitioner challenges the validity of his conviction and/or sentence, the thrust of his challenge should be borne in a Section 2255 petition.   However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 petition, under the oft-referenced "savings clause" of Section 2255.   Section 2255(e) of Title 28 provides that:

> An application for a writ of habeas corpus on behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this

---

1 The Petitioner's argument is somewhat unclear.   As best the Court can decipher, he contends that he raised the same factual arguments during the Section 2255 proceeding after his first sentence, and that the lack of success of those arguments demonstrates that Section 2255 is inadequate or ineffective.

> section, shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced
> him, or that such court has denied him relief, unless it also appears
> that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. § 2255(e).   The "savings clause" is not triggered "merely . . . because an individual is

procedurally barred from filing a Section 2255 motion[,]" *Vial*, 115 F.3d at 1194, or "merely

because an individual is unable to obtain relief under that provision."   *In re Jones*, 226 F.3d 328,

333 (4th Cir. 2000).

      The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only

very limited circumstances.   A petitioner wishing to challenge the validity of his sentence may not

bring a Section 2241 petition until he or she has shown that Section 2255 is an inadequate or

ineffective remedy.   Specifically, Section 2255 is inadequate and ineffective to test the legality of

a conviction when:

> (1) at the time of conviction, settled law of this circuit or the
> Supreme Court established the legality of the conviction; (2)
> subsequent to the prisoner's direct appeal and first § 2255 motion,
> the substantive law changed such that the conduct of which the
> prisoner was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional law.

*Id*., at 333–34.   The petitioner bears the burden of demonstrating that the Section 2255 remedy is

inadequate or ineffective.   *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished);

*Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).   The remedy provided under Section

2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or

sentence under Section 2241.

Here, the Petitioner objects to having his claims heard in a Section 2255 proceeding.   The only reasons he has put forth for employing a Section 2241 petition are (a) the assertion that his trial and sentencing court committed errors and (b) that his challenges were unsuccessful in a previous Section 2255 petition.   Neither reason meets the criteria of the savings clause. Erroneous rulings can be addressed through the appellate process—not by bringing a habeas petition in another district.   Section 2255 is not "unavailable or ineffective" merely because it does not afford relief for specific claims.   The Petitioner does not assert any change in the law since the time of his conviction that renders his conduct non-criminal.[2]   He instead claims that he should never have been convicted.

The only claim potentially related to the execution of the Petitioner's sentence is the allegation that his classification and security level have been impacted by inaccurate information in the PSR.   However, a review of the Petitioner's filing reveals that his complaints regarding the PSR primarily relate to his conviction and sentence.   His allegations of inaccuracies in the PSR focus on his assertion that he is innocent of the crimes for which he was convicted.   (*See* Document 28-1.)[3]   He cites no specific errors impacting his classification.   In short, the PSR includes facts regarding his offense conduct and background that led to his conviction and sentence, and he argues that those facts are incorrect.   As noted in the PF&R, the only relief the Petitioner seeks is to have his conviction vacated.   Thus, the Court finds that the Magistrate Judge correctly determined that the Petitioner presented no claims that are cognizable under 28 U.S.C. §

---

2 The savings clause typically contemplates use of Section 2241 when there is a procedural bar to filing a Section 2255 petition, generally after the one-year statute of limitations for a Section 2255 claim has expired, or when the petitioner filed a previous Section 2255 petition prior to the asserted change in the law.   In contrast, the Petitioner here has chosen to bring his challenges in a Section 2241 petition before the running of the statute of limitations on his second conviction and sentencing, apparently to gain jurisdiction in a different district.

3 The Petitioner's objections to the facts contained in the PSR appear to have been prepared during his criminal case, supporting the conclusion that his present allegation regarding the accuracy of the PSR relates primarily to his conviction and sentence, rather than the execution of his sentence.

2241.[4]   The Petitioner cannot demonstrate that Section 2255 is unavailable or ineffective to address his various challenges to his conviction and sentence, and so his petition must be dismissed.   The Petitioner's objections are, therefore, overruled and the PF&R adopted.

## CONCLUSION

WHEREFORE, following careful consideration and for the reasons stated herein, the Court hereby **ORDERS** that the Petitioner's objections, styled *Defendants Objection to the Governments Case as False in Violation of the United States Constitution, Laws and Treaty* (Document 28), the *Petitioner's Objection to the Magistrate's Proposed Findings and Recommendations* (Document 29), and hand-written letter and exhibits (Document 30), be **OVERRULED** and that Magistrate Judge's *Proposed Findings and Recommendation* (Document 24) be **ADOPTED.**   The Court further **ORDERS** that the Petitioner's *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 2) be **DENIED** and that this matter be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, to counsel of record and to any unrepresented party.

ENTER:        June 16, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

4 In this case, the Petitioner has not adequately alleged that inaccuracies in his PSR impacted his conditions of confinement, and so the Court will not reach the issues briefed by the Respondent regarding the lack of relief available for such a claim.

9